IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RACHEL KNAPKE,

    Petitioner,

v.

JUDGE MARK HUMMER,

    Respondent.

CASE NO. 2:10-CV-485
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE NORAH MCCANN KING

## OPINION AND ORDER

Petitioner was convicted of operating a vehicle while impaired ("OVI") in violation of O.R.C. § 4511.19(A)(1)(a) and OVI *per se* in violation of O.R.C. § 4511.19(A)(1)(h). On May 21, 2012, the Magistrate Judge recommended that Petitioner's conviction of OVI *per se* be vacated on the ground that Petitioner was denied her constitutional right to confront the arresting officer when she was prohibited from inquiring about the accuracy or reliability of the specific intoxilyzer machine used to measure her blood alcohol content. *Report and Recommendation*, Doc. No. 16. However, the Magistrate Judge rejected Petitioner's claimed right to attack the general reliability of such machines. *Id.* In this regard, the Magistrate Judge regarded this Court as bound by *Miskel v. Karnes*, 397 F. 3d 446 (6th Cir. 2005), in which the United States Court of Appeals for the Sixth Circuit upheld the constitutionality of *State v. Vega*, 12 Ohio St.3d 185 (1984), which in turn prohibited defendants from attacking the general reliability of intoxilyzers.

Respondent has not objected to the *Report and Recommendation*. This matter is now before the Court on Petitioner's objection to the *Report and Recommendation* "to the extent that it does not address the violation

of her right to confront the government's witness regarding the general reliability of the breath test device." *Objection to Report and Recommendation and Request for Oral Hearing*, Doc. No. 17. The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

From this analysis, the Magistrate Judge ultimately recommended that the conviction be vacated and the writ of habeas corpus issued. The undersigned concurs in the entirety of the *Report and Recommendation*.

The Petitioner, having convinced the Magistrate Judge that her conviction should be vacated, nonetheless objects to the *Report and Recommendation*. She contends that this Court should expressly hold that the decision of the Ohio Supreme Court in *State of Ohio v. Vega*, 12 Ohio St.3d 185 (1984) is now contrary to the constitutional right of confrontation defined by the United States Supreme Court in *Crawford v. State of Washington*, 541 U.S. 36 (2004) and *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009).

The Magistrate Judge recommended a holding more narrow than one which would, in effect, find the holding in *Vega*, *supra*, in conflict with *Crawford* and *Melendez-Diaz*, *supra*. In the trial held in this case, Petitioner's counsel was prohibited by the trial court from cross examining the officer who conducted the blood-alcohol test, as to the validity of the specific test results obtained or the procedures followed as to the specific test. For obvious reasons, Petitioner does not disagree with this proposed conclusion of law, but seeks a broader holding to include a finding that the decision in *Vega* cannot be reconciled with the current Supreme Court view of the Confrontation

2

Clause of the United States Constitution.

The relief sought by the Petitioner in this objection to the Magistrate Judge's *Report and Recommendation* would necessarily have this Court decide a matter of constitutional magnitude that will result in no more relief to the Petitioner than proposed by the Magistrate Judge.

The Court cannot improve upon the guiding principles enunciated by Justice Brandeis in *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 346-47 (1936) (internal citations omitted):

> The Court developed, for its own governance in the cases confessedly within its jurisdiction, a series of rules under which it has avoided passing upon a large part of all the constitutional questions pressed upon it for decision. They are:
>
> . . . .
>
> ...The Court will not "anticipate a question of constitutional law in advance of the necessity of deciding it."
>
> . . . .
>
> ...The Court will not "formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied."
>
> . . . .
>
> ...The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of. This rule has found most varied application. Thus, if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter.

Based upon the foregoing, the undersigned **ADOPTS** *in toto,* Doc. No. 15, the *Report and Recommendation* of the Magistrate Judge. The *Petitioner's Objection*, Doc. No. 17, is **OVERRULED**. This Court **GRANTS** the habeas corpus petition on Petitioner's claim that she was convicted of

3

OVI *per se* in violation of the Confrontation Clause; the Court **ORDERS** that the Petitioner's conviction on OVI *per se* under O.R.C. §4511.19(A)(1)(h) be **VACATED**.

The Clerk shall enter **FINAL JUDGMENT**.

 2-15-2013
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**